IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Sue Doe, ) | |
| ) | Civil Action No.: 3:03-1918-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Linda Kidd, Stan Butkus, Kathi Lacy, the ) | |
| South Carolina Department of Disabilities ) | **ORDER AND OPINION** |
| and Special Needs, Robert Kerr, and the ) | |
| South Carolina Department of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Sue Doe has developmental disabilities, including epilepsy, mild mental retardation, and cerebral palsy. In May 2003, Plaintiff sought to receive residential habilitation services in either a Community Training Home I (CTH I), a private foster home where a services recipient resides with a family, one member of whom is a trained caregiver; or a Community Training Home II (CTH II), a group home with live-in caregivers for four or fewer recipients. In June 2003, Defendant South Carolina Department of Disabilities and Special Needs (DDSN) authorized services in either a Supervised Living Program II (SLP II), an apartment where recipients of DDSN services reside together, or CTH I.[1] Plaintiff was offered CTH I services at a particular facility, which she rejected. Plaintiff then was placed in a CTH II facility. Plaintiff filed a complaint on June 9, 2003, asserting,

---

[1] SLP II is the least restrictive placement; CTH II is the most restrictive. Defendants are obligated to provide needed services in the least restrictive environment available. See S.C. Code Ann § 44-20-20.

among other things, that Defendants had failed to provide Medicaid services to which she is entitled with reasonable promptness as required by 42 U.S.C. § 1396a(a)(8).

The matter came before the court on motion for summary judgment filed by Defendants on May 14, 2009, ECF No. 144, as well as Plaintiff's motion for summary judgment, which motion was filed May 14, 2009, ECF. No. 145.  The issue was whether Defendants violated § 1396a of the Medicaid Act by providing Plaintiff with temporary respite services instead of providing her, with reasonable promptness, the residential habilitation services approved in her 2003 plan of care.  The court found that, pursuant to Bruggeman ex rel. Bruggeman v. Blagojevich, 324 F.3d 906 (7th Cir. 2003), Plaintiff's rights under the Medicaid Act are limited to receiving funding with reasonable promptness.  Accordingly, the court concluded that § 1396a(a)(8) does not require Defendants to provide specific services that an individual requests.  Rather, Defendants' only obligation under § 1396a(a)(8) is to pay for medical services promptly when presented with the bill.  The court granted Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment by order filed January 29, 2010.  ECF No. 167.

Plaintiff appealed the court's order on February 12, 2010.  On March 24, 2011, the Court of Appeals for the Fourth Circuit affirmed in part and reversed in part, and remanded with instructions. See Doe v. Kidd, 419 F. App'x 411 (4th Cir. 2011).  As to the § 1396a cause of action, the Fourth Circuit found that Defendants' failure to offer Plaintiff alternative SLP II or CTH I placements is tantamount to failing to provide Medicaid services with reasonable promptness. The Fourth Circuit concluded that, as a matter of law, "Defendants have violated the Medicaid Act through their ongoing refusal to finance residential habilitation services at an acceptable CTH I placement of [Plaintiff's] choice." Id. at 418.

2

The Fourth Circuit noted that Plaintiff had abandoned her damages claim on appeal. However, the Fourth Circuit observed that it is within the equitable powers of this court to order Defendants to place Plaintiff in an appropriate SLP II or CTH I program of her choice. Id. at 418-19. Ultimately, the Fourth Circuit reversed the court's order granting summary judgment for Defendants. The Fourth Circuit granted Plaintiff's motion for summary judgment, and remanded the case to this court to devise appropriate remedial relief and to determine reasonable attorney's fees pursuant to 42 U.S.C. § 1988. The Fourth Circuit issued its mandate on May 9, 2011.

On February 3, 2012, the court received a letter from Plaintiff's counsel indicating that the parties had been discussing resolution of the outstanding issues and that, if the parties could not resolve the issues, they would jointly advise the court. On August 13, 2012, Plaintiff filed a motion for interim attorney's fees as well as a motion for partial interim award of costs. ECF Nos. 181, 182. On September 14, 2012, Defendants filed a motion to stay as well as a motion for extension of time to file a response to Plaintiffs' motions. ECF Nos. 185, 186. On September 28, 2012, Plaintiff filed a motion for summary judgment in which she stated she was entitled to summary judgment based upon the Fourth Circuit's opinion. Plaintiff also argued that she was entitled to interim fees as the prevailing party and that she would shortly file a motion for remedial merits relief. ECF No. 189. No such motion has been forthcoming.

The Fourth Circuit granted Plaintiff's motion for summary judgment in its March 24, 2011 order. To the extent necessary, the court **grants** Plaintiff's motion seeking the entry of summary judgment in accordance with the Fourth Circuit's March 23, 2011 opinion (ECF No. 189) and directs the Clerk of Court to grant Plaintiff's motion for summary judgment as to the Third Cause of Action (ECF No. 145).

3

Plaintiff is directed to file a motion for remedial merits relief within fifteen (15) days of the date of entry of this order, or otherwise inform the court that the matter has been resolved. Defendants may respond to any such motion, and Plaintiff may file a reply, within the applicable time periods set forth in the Federal Rules of Civil Procedure and Local Civil Rules, D.S.C. The court thereafter will order such equitable relief as may be appropriate, if any. The court will take up the matter of attorney's fees after resolution of any claim by Plaintiff for equitable relief. Accordingly, Plaintiff's motions for interim attorney's fees and costs (ECF Nos. 181, 182) are **denied** without prejudice. Defendants' motion to stay (ECF No. 185) and motion to extend time (ECF No. 186) are **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 5, 2013.