IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sue Doe, | ) |
| | ) C/A No. 3:03-1918-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Linda Kidd, Stan Butkus, Kathi Lacy, | ) |
| The South Carolina Department of | ) |
| Disabilities and Special Needs, Robert | ) |
| Kerr, and the South Carolina Department | ) |
| of Health and Human Services, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The lengthy history of this case is set forth in detail in the court's order filed August 12, 2013 (ECF No. 232). Briefly, Plaintiff Sue Doe filed the within action pursuant to 42 U.S.C. § 1983 on June 9, 2003, alleging that Defendants deprived her of appropriate placement and services under the Medicaid Act and violated her rights under the Americans with Disabilities Act. Late in June 2003, Defendant Department of Disabilities and Special Needs (DDSN) authorized Community Training Home I (CTH I) or Supervised Living Program II (SLP II) services for Plaintiff at a residential center. In July or August 2003, DDSN made an emergency placement of Plaintiff in a Community Training Home II (CTH II) facility to receive "respite," or temporary, services. Plaintiff has pursued both remedies in this court and administrative remedies at the state level.

Because Plaintiff never received the placement to which she was entitled, and upon instruction from the Court of Appeals for the Fourth Circuit, on August 12, 2013, as amended August 21, 2013, the court ordered Defendants to periodically provide Plaintiff with a list of all

potential qualified SLP II or CTH I placements until Plaintiff's state administrative process is exhausted or until Plaintiff accepts a placement, whichever comes first.

On August 28, 2013, Plaintiff filed a motion for payment of the fees paid to Plaintiff's guardian ad litem, Sandra Ray, who was appointed in the within action on July 22, 2003. ECF No. 237. Dr. Ray holds a Ph.D. in educational leadership as well as a juris doctor degree. ECF No. 237-1. Plaintiff sought a guardian ad litem fees of $175.00 per hour for a total of 337.25 hours, or $59,018.75.

By order filed March 31, 2014, the court observed that of the 337.25 hours claimed, 223.85 hours were designated as pertaining to the federal litigation, with the remaining 113.4 hours to Plaintiff's administrative proceedings. The court further observed that of the 223.85 hours pertaining to the federal litigation, (1) much of the work performed by Dr. Ray included legal work; (2) Dr. Ray's responsibilities were duplicative of those undertaken by Plaintiff's father, who assumed the position of legal guardian at least by December 2004; and (3) much of the time, as shown by Dr. Ray's affidavit, was spent on Plaintiff's purported need for CTH II placement, which has not been an issue properly before this court. Accordingly, the granted Plaintiff's motion in part and awarded $3,750.00 in guardian ad litem fees (50 hours X $75.00 per hour).

This matter now is before the court on Plaintiff's motion to alter or amend judgment, which motion was filed on May 14, 2014 (ECF No. 278). See Fed. R. Civ. P. 59(e). Defendants filed a memorandum in opposition to Plaintiff's motion on May 12, 2014. The court concludes that Plaintiff's motion should be denied.

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided

2

by the court without a jury.  11 Wright & Miller, <u>Federal Practice & Procedure</u> § 2804.
Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored.  They are
not a matter of routine practice.  <u>Settino v. City of Chicago</u>, 642 F. Supp. 755, 759 (N.D. Ill. 1986).
Several courts have observed that they are neither expressly cognizable under the Federal Rules of
Civil Procedure nor authorized by the local rules of the district court.  <u>See</u>, <u>e.g.</u>, <u>Fisher v. Samuels</u>,
691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new
evidence that could have been adduced during the pendency of the prior motion.  <u>Keene Corp. v.</u>
<u>International Fidelity Ins. Co.</u>, 561 F. Supp. 656 (N.D. Ill.), <u>aff'd</u>, 736 F.2d 388 (7th Cir. 1982).  The
Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under
Rule 59(e):  (1) to accommodate an intervening change in controlling law; (2) to account for new
evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice.
<u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases).  Mere disagreement with
the court's ruling does not warrant a Rule 59(e) motion.  <u>Hutchinson</u>, 994 F.2d at 1082 (citing <u>Atkins</u>
<u>v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  Plaintiff contends that the
court's order should be amended to correct a clear error of law or to prevent manifest injustice.

Plaintiff first contests the court's finding that Dr. Ray's services were duplicative of those
performed by Plaintiff's father in federal court.  In support of her contention, Plaintiff has submitted
to the court an order issued by the Newberry County Probate Court on or about July 30, 2004.  It
appears from the July 30, 2004 order that the probate judge authorized Plaintiff's father and mother
to make certain decisions regarding Plaintiff's care.  The probate judge also noted in the July 30,
2004 order that Dr. Ray had been appointed to serve as guardian ad litem in the within litigation, and

ratified the federal court's appointment. ECF No. 278-1. To the extent the July 30, 2004 order has any binding effect on this court, the order contains no delegation of duties to Dr. Ray other than to state she should represent Plaintiff in federal court. The court is not persuaded that Dr. Ray performed duties in federal court separate and distinct from those of Plaintiff's father.

As noted previously, much of the time spent by Dr. Ray with respect to the within litigation was either acting in her capacity as an attorney. Plaintiff contends Dr. Ray's time "was reasonable and necessary to monitor and direct the litigation." ECF No. 278, 2. Costs and fees may not include services the guardian ad litem performs as an attorney to the incompetent. Kollsman v. Cohen, 996 F.2d 702, 706 (4th Cir. 1993). Moreover, as stated previously, Dr. Ray attempted to convince Defendants' representatives to place Plaintiff in a CTH II facility. Time spent on this assertion was not the proper subject of review in this court.

Finally, Plaintiff asserts that the court picked an unreasonably low rate to compensate Dr. Ray. Given Dr. Ray's limited role acting as a guardian ad litem in the federal litigation, the court finds a rate of $75.00 to be adequate.

For the reasons stated, Plaintiff's Rule 59(e) (ECF No. 278) motion is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

October 28, 2014

4