IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Sue Doe, | ) |
| | ) C/A No. 3:03-1918-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Linda Kidd, Stan Butkus, Kathi Lacy, | ) |
| South Carolina Department of Disabilities | ) **ORDER AND OPINION** |
| and Special Needs, Robert Kerr, South | ) |
| Carolina Department of Health and | ) |
| Human Services, | ) |
| | ) |
| Defendants. | ) |

This lengthy litigation involves the reasonable promptness mandate of the Medicaid Act and parallel state administrative proceedings before the South Carolina Department of Health and Human Services. By opinion filed March 24, 2011, the Court of Appeals for the Fourth Circuit determined that Plaintiff was entitled to summary judgment in her favor, that the court should devise appropriate remedial relief, and that, as prevailing party, Plaintiff was entitled to attorneys' fees. Doe v. Kidd, 419 F. App'x 411 (4th Cir. 2011). The Fourth Circuit issued its mandate on May 9, 2011.

On February 3, 2012, the court was advised that the parties were discussing resolution of the outstanding issues. On August 13, 2012, Plaintiff filed a motion for interim attorneys' fees as well as a motion for partial interim award of costs. ECF Nos. 181, 182. On February 5, 2013, the court directed Plaintiff to file a motion for remedial relief within fifteen days or otherwise inform the court that the matter had been resolved. The court denied Plaintiff's motions for attorneys' fees and costs without prejudice pending the resolution of any claim by Plaintiff for equitable relief.

After numerous filings by the parties, the court issued an order on August 12, 2013, amended on August 21, 2013, granting remedial relief and directing Plaintiff to file her motion for attorneys' fees and costs within fifteen days of the date of the order. Plaintiff filed a motion for attorneys' fees and costs on August 28, 2013, which she amended on October 29, 2013. ECF Nos. 236, 266. Plaintiff moved for attorneys' fees and costs through May 31, 2013, in the amount of $871,469.00 for fees in federal court; $997,489.00 for fees in the state court administrative proceedings, and $19,742.54 in costs and other litigation expenses. Also on August 28, 2013, Plaintiff filed a motion for payment of guardian ad litem fees in the amount of $59,018.75, of which $39,173.75 pertained to the within litigation, and $19,845.00 to the state administrative proceedings.

On March 31, 2014, the court issued an order in which it found the state court proceedings were not necessary to advance the litigation in this court, i.e., whether Defendants provided placement for Plaintiff at a qualified facility with reasonable promptness. The court found lead counsel's and lead counsel's paralegal's hours to be excessive and the hourly rates requested to be not customary in the Columbia, South Carolina, market. The court calculated a lodestar figure of $458,985.05 for fees in federal court, and reduced the loadstar figure based on Plaintiff's unsuccessful claims to $265,675.05. The court further reduced Plaintiff's attorneys' fee award to $100,000.00 based upon (1) the fact there had been no change in the status quo for Plaintiff, and (2) lead counsel's objective in the litigation had been to obtain a remedy the court was unable to provide. The court further allowed costs of $5,523.13. ECF No. 276.

Also on March 31, 2014, the court issued an order granting guardian ad litem fees in the amount of $3,750.00, based on the court's determination that the guardian ad litem performed legal work; provided services that were duplicative of those provided by Plaintiff's father, who assumed

2

the position of legal guardian by December 2004; and, like lead counsel, argued in favor of a remedy the court could not supply. ECF No. 277.

Plaintiff and Defendants filed cross-appeals of the court's orders. On August 9, 2016, the Fourth Circuit issued an opinion vacating the court's attorneys' fee award and directing the court to enter an award of $669,077.20, exclusive of costs. The Fourth Circuit further vacated the court's guardian ad litem fee award and directed the court to enter an award of $39,173.75. The Fourth Circuit also determined that Plaintiff's parallel state administrative litigation "'was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached.'" Doe v. Kidd, 656 F. App'x 643, 660 (4th Cir. 2016) (quoting Webb v. Dyer Cty. Bd. of Educ., 471 U.S. 234, 243 (1985)). The Fourth Circuit remanded the cause to this court "for appropriate consideration of Doe's request for fees in the state administrative proceedings." Id.

The court issued an amended judgment on February 1, 2017, in compliance with the Fourth Circuit's order concerning attorneys' fees and costs and guardian ad litem fees in the federal litigation. ECF No. 313. This matter now is before the court on the following motions:

1. Plaintiff's motion for guardian ad litem fees, which motion was filed on April 7, 2017, and amended on April 18, 2017. Defendants filed a response in opposition on May 26, 2017, to which Plaintiff filed a reply on June 30, 2017. Defendants filed a surreply on July 18, 2017, to which Plaintiff filed a response on August 9, 2017.

2. Plaintiff's motion for attorneys's fees, which motion was filed on April 7, 2017, and amended on April 20, 2017. Defendants filed a response in opposition on May 26, 2017, to which Plaintiff filed a reply on June 30, 2017. Defendants filed a surreply on July 18, 2017, to which Plaintiff filed a response on August 9, 2017.

3

3. Defendants' motion to dismiss, which motion was filed on May 26, 2017. Plaintiff filed a response in opposition to Defendants' motion on June 9, 2017, to which Defendants filed a reply on June 16, 2017.

Also pending before the court are Defendants' motion to refer the matter to a Magistrate Judge, filed May 26, 2017; and Plaintiff's motion for a hearing, which motion was filed August 17, 2017.

## DISCUSSION

A. Motion to Dismiss

In addition to attorneys' fees and costs associated with the state administrative proceedings, Plaintiff seeks reimbursement for time expended in federal court that was not included in her August 28, 2013, motions for attorneys' fees and costs and guardian ad litem fees. Defendants raise in their motion to dismiss and in their responses to Plaintiff's current motions two arguments (1) such fees are barred by the mandate rule and (2) if the fees are not barred by the mandate rule, Plaintiff's motions for federal time expended on the within action are untimely.

1. The mandate rule. Defendants contend the Fourth Circuit's opinion and mandate did not provide for the consideration or award of fees not included in the August 28, 2013, motions filed by Plaintiff. The mandate rule "'forecloses relitigation of issues expressly or impliedly decided by the appellate court,' as well as 'issues decided by the district court but foregone on appeal or otherwise waived.'" Springs v. Ally Fin. Inc., 684 F. App'x 336, 337 (4th Cir. 2017) (quoting United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012)).

Defendants contend the Fourth Circuit's opinion and mandate did not provide for the consideration or award of fees not included in Plaintiff's August 28, 2013, motions. Defendants note

4

that the Fourth Circuit directed the court to enter specific sums for the attorneys' fee award "in order to avoid further expense and the nonessential use of judicial resources associated with remand proceedings and other appeals" that would follow had the Fourth Circuit remanded for the court to reconsider its awards. ECF No. 335-1, 5 (quoting Doe, 656 F. App'x at 658).

The court does not read the Fourth Circuit's opinion so narrowly. The issue of attorneys' fees and guardian ad litem fees to be awarded subsequent to the August 28, 2013, motions was not before the Fourth Circuit on appeal. Rather, the Fourth Circuit reviewed the court's March 31, 2014, orders and made an independent calculation regarding the proper fees to be awarded to counsel and the guardian ad litem.

2. Timeliness of motions. Defendants also assert that, if not barred by the mandate rule, Plaintiff's requests for reimbursement for time expended in district court that was not included in the August 28, 2013, motions are time-barred. Fed. R. Civ. P. 54(d)(2)(B) provides that, unless a statute or a court order provides otherwise, a motion for attorneys' fees and related nontaxable expenses must be filed no later than fourteen days after the entry of judgment.

The motions for attorneys' fees and guardian ad litem fees that were the subject of the appeal included time entries through May 31, 2013, and August 13, 2013, respectively. Plaintiff did not supplement her motions until April 7, 2017 (guardian ad litem fees) and April 10, 2017 (attorneys' fees). Giving Plaintiff the benefit of using the date the Fourth Circuit entered its judgment on November 14, 2016, Plaintiff was required to file a motion for attorneys' fees and related expenses no later than November 28, 2016. Even utilizing the court's judgment on attorneys' fees entered February 1, 2017, as an appropriate entry judgment date under Rule 54(d)(2)(B), Plaintiff's motions should have been filed by February 15, 2017, at the latest. The court finds Plaintiff's motion for

attorneys' fees and guardian ad litem fees for time expended in federal court to be untimely.

Fed. R. Civ. P. 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether Plaintiff has shown excusable neglect, the court should consider four factors: (1) the danger of prejudice to Defendants, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of Plaintiff, and (4) whether Plaintiff acted in good faith. See In re MI Windows and Doors, Inc., 860 F.3d 218, 226 (4th Cir. 2017).

In this case, the attorneys' fees sought by Plaintiff include hours expended in federal court over the last four years, comprising approximately 1,047.50 hours for an amount claimed of $498,913.50. The guardian ad litem fees include 77.5 hours of federal court time, for a total of $15,500.00. Plaintiff contends that the parties coordinated on the issues to be addressed at an anticipated status conference with the court, including briefing regarding (1) setting the fees for the state proceeding, and (2) setting fees for federal court work since the previous motions.

Defendants were aware Plaintiff's counsel were expending time on this action in the interim between the August 28, 2013, motions and the April 7, 2017. Even though Defendants consistently objected to Plaintiff's seeking attorneys' fees out of time, it appears Plaintiff's counsel believed the parties were, by February 15, 2017, "several steps into the process of scheduling and resolving the issue of attorneys' and GAL fees, explicitly including the post-2013 fees." ECF No. 340, 7. The court will give Plaintiff the benefit of the doubt and finds that excusable neglect extends the time for filing motions for attorneys' fees and guardian litem fees. Accordingly, the court turns to Plaintiff's motions for guardian ad litem fees and attorneys' fees and costs.

B. <u>Plaintiff's Supplemental Petition for Fees of Guardian ad Litem (as corrected)</u>

Plaintiff seeks additional guardian ad litem fees of $15,500.00 for 77.5 hours spent in federal litigation since the August 28, 2013, motion for guardian ad litem fees. The statement attached as Exhibit 2 to the supplemental petition commences with time expended on June 7, 2013, and concludes with time expended on April 5, 2017. ECF No. 331-2.

Defendants object only to the $200.00 per hour rate charged by the GAL, noting that the Fourth Circuit approved a GAL rate of $175.00 per hour in its August 9, 2016, opinion. Assuming an expected increase in compensation between 2013 and 2017, the court will award GAL fees in the amount of $200.00 per hour.

C. <u>Plaintiff's Supplemental Petition for Attorneys' Fees, Costs, and Expenses (as corrected)</u>

Plaintiff seeks a total attorneys' fees and costs for both the federal litigation and the state administrative proceedings in the amount of $1,502,686.00 as well as costs in the total amount of $21,535.16.

    1. <u>State Administrative Proceedings</u> – May 2005 to May 2013

Plaintiff moves to reimburse counsel at Nelson Mullins Riley & Scarborough of Columbia, South Carolina, in the amount of $394,620.00 in legal fees. The court notes that the legal fees requested by Nelson Mullins Riley & Scarborough reflect a voluntary reduction of 852.40 hours compared to the request submitted by Plaintiff in her motion for attorneys' fees filed August 28, 2013, as amended on October 29, 2013. <u>See</u> ECF No. 266-2, 53 & 57.

Plaintiff also seeks reimbursement to Attorney Patricia Harrison for 1,345.05 hours spent on the state administrative proceedings by counsel from May 2005 through May 2013 at a rate of

$475.00 per hour.[1] The Fourth Circuit found an hourly fee of $425.00 per hour to be appropriate for this time period. The court will adhere to that figure for the time period set forth herein. Finally, Plaintiff seeks reimbursement for paralegal time comprising 140.05 hours at $150.00 per hour. The Fourth Circuit determined that $140.00 per hour was an appropriate wage for counsel's paralegal, and the court will apply that rate for the within time period. Subject to these two changes in hourly rate and to the reduction for excessiveness set forth below, the court approves the attorneys' and paralegal's fees requested for the state administrative proceedings between May 2005 and May 2013.

      2.      <u>Federal court and state administrative proceedings</u> – May 2013 to April 2017

Plaintiff seeks reimbursement for Attorney Harrison of 894 hours from May 2013 to April 2017, which includes time spent on both the state and federal proceedings at a rate of $475.00 per hour. According to Plaintiff, many of the activities were inextricably intertwined, and difficult to separate. ECF No. 332, 6 n.8.

Plaintiff also seeks reimbursement for 270.2 hours by Attorney Armand Derfner, who billed only for time spent in federal court during this time period, at the rate of $480.00 per hour. Attorney Derfner declares that his request for fees does not include a significant number of hours spent by him in this litigation. Subject to the reduction for excessiveness set forth below, the court approves attorneys' fees requested for federal court and state administrative proceedings between May 2013 and April 2017.

---

[1] This is an increase of 80.05 hours over the number of hours originally requested in Plaintiff's August 28, 2013, motion for the same period. <u>See</u> ECF No. 266-1, 21.

3. Costs

Finally, Plaintiff seeks costs for Attorney Harrison in the amount of $9,017.25 for both the state and federal proceedings. See ECF No. 332-22 (reporting $11,017.25 and voluntarily reducing this amount by $2,000.00); $4,187.82 for Attorney Derfner; and $8,330.09 for Nelson Mullins Riley & Scarborough.

Defendants object to $1,230.00 expended by Attorney Derfner to retain Robert Bernstein in December 2016. Plaintiff states that Attorney Bernstein's services were useful and necessary to effect the enforcement of fees ordered by the Fourth Circuit. Defendants also object to $7,500.00 paid by Nelson Mullins Riley & Scarborough for the services of an expert, Dr. Knight, in 2012. Stuart M. Andrews, Jr. of Nelson Mullins Riley & Scarborough informs the court that the services of Dr. Knight were reasonable and necessary with respect to Dr. Knight's preparation for and expert testimony provided at an administrative hearing. ECF No. 332-4. The court will allow these costs.

\* \* \*

The court notes Defendants' argument regarding application of the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978), and Local Civil Rule 54.02(A), D.S.C. The Fourth Circuit has addressed the Barber factors and found in favor of Plaintiff. The court will not address the factors again in this order. The court also notes Defendants' objections regarding the excessive hours spent by Attorney Harrison. The Fourth Circuit approved a reduction in the amount of hours expended by Attorney Harrison by twenty-five percent for excessiveness. Attorney Harrison informs the court she has voluntarily reduced her time by ten percent (224 hours). ECF No. 32, 6. After review of the parties' submissions and in light of the Fourth Circuit's guidance, the court finds an additional fifteen percent reduction in the total hours expended by Attorney Harrison,

to equal a total reduction of twenty-five percent as approved by the Fourth Circuit, to be appropriate.

The court's calculations are as follows:

| | | | |
|---|---|---|---|
| Guardian ad litem | 77.5 hours x $200.00 per hour | = | $ 15,500.00 |
| Nelson Mullins Riley & Scarborough | Fees of $394,620.00 plus costs of $8,330.09 | = | $402,950.09 |
| Armand Derfner | Fees of $129,696.00 plus costs of $4,187.82 | = | $133,883.82 |
| Patricia Harrison | 1,345.05 hours less 25% = 1,008.79 x $425.00 per hour = $428,735.75<br>894 hours less 25% = 670.50 x $475.00 per hour = $318,487.50 plus costs of $9,017.25 | = | $756,240.50 |
| Paralegal | 140.05 hours x $140.00 per hour | = | $ 19,607.00 |
| TOTAL: | | | $1,328,181.41 |

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss (ECF No. 335) is **denied**. Plaintiff's motions for guardian ad litem fees (ECF Nos. 326, 331) are **granted** in the amount of $15,500.00. Plaintiff's motions for attorneys' fees and costs (ECF Nos. 327, 332) are **granted** in the total amount of $1,312,681.41.

These fees and costs are awarded in addition to the attorneys' fees of $669,077.20 and guardian ad litem fees of $39,173.75 awarded by the Fourth Circuit for the federal litigation, as well as costs previously awarded of $5,523.13.

Defendants' motion to refer the case to a Magistrate Judge (ECF No. 338) and Plaintiff's

motion for a hearing (ECF No. 363) are **denied as moot**.

    **IT IS SO ORDERED.**


    /s/ Margaret B. Seymour
    Senior United States District Judge

Columbia, South Carolina

February 15, 2018